

**ORDERED in the Southern District of Florida on May 03, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 06-12645-AJC |
| AMERICA CAPITAL CORPORATION, | Chapter 11 |
| Debtor. _____/ | |
| AMERICA CAPITAL CORPORATION, | Adv. Pro. No. 07-01587-AJC |
| Plaintiff, v. | |
| ROBERT MARLIN, ROBYN MARLIN, T.C. INVESTORS, INC., et al., | |
| Defendants. _____/ | |
| T.C. INVESTORS, INC., | |
| Counter-Plaintiff, v. | |
| AMERICA CAPITAL CORPORATION, | |

{FT762753;2}

    Counter-Defendants.
_____/

ROBERT MARLIN, and T.C. INVESTORS, INC.,

    Third Party Plaintiffs,

v.

JACK BURSTEIN and STEVEN COOK,

    Third Party Defendants.
_____/

## ORDER GRANTING MOTION TO REMAND

  **THIS CAUSE** originally came before the Court on September 19, 2007, at the hearing on the Motion for Abstention, Motion to Remand ("Motion to Remand") [D.E. 10] filed by Defendants/Counter Plaintiffs/Third Party Plaintiffs, Robert Marlin ("Marlin") and T.C. Investors Inc. ("T.C. Investors") and the Response in Opposition to the Motion to Remand [D.E. 20] filed by the Plaintiff, America Capital Corporation ("ACC").  A ruling on this matter was subsequently abated by agreement of ACC and creditor, SunTrust Bank as successor to Sun Bank, N.A. as Trustee under that Indenture dated as of June 15, 1985 ("SunTrust"), and was further delayed by multiple motions of the Liquidating Agent.  This matter came before the Court again during the March 22, 2011, hearing on the Motion to Dismiss Third Party Complaint Filed by Third Party Defendants, Steven Cook ("Cook") and Jack Burstein ("Burstein").  [D.E. 70].

  Upon review of the relevant legal authority and the record in this case, having heard argument of counsel for Marlin and T.C. Investors and counsel for Burstein and Cook, and being otherwise advised in the premises, the Court grants the Motion to Remand:

{FT762753;2}

**PROCEDURAL HISTORY**

1. On April 29, 2004, ACC filed an action in the Circuit Court in and for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Case No.: 04-09765-CA-01) against Marlin, Robyn Marlin and T.C. Investors (the "ACC State Court Action").

2. On April 26, 2005, Marlin filed a separate, shareholder derivative suit in the Circuit Court in and for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Case No.: 0-07103-CA-13) against Burstein, Cook, Roberto Duenas, and Gilda Burstein, and against ACC as a nominal defendant (the "Derivative Action").

3. In the ACC State Court Action, Marlin along with T.C. Investors filed a counterclaim against ACC and third-party claims against Burstein and Cook, which added Burstein and Cook as additional parties to the ACC State Court Action.[1]

4. The claims asserted by Marlin and T.C. Investors against Burstein and Cook in the ACC State Court Action were personal to Burstein and Cook and distinct from the claims asserted against ACC and those in the Derivative Action. In the Amended Third Party Complaint filed in the ACC State Court Action, Marlin and T.C. Investors asserted claims for tortious interference with a contractual relationship against Burstein and Cook, fraud in the inducement against Burstein, fraudulent misrepresentation against Burstein, and breach of contract by Burstein based on a separate and distinct contract by and between Burstein, individually, and Marlin, individually. All of these allegations injured Marlin and T.C. Investors directly.

5. On June 19, 2006, ACC and TransCapital Financial Corporation ("TFC") filed petitions for relief under Chapter 11 of Title 11 (the "Bankruptcy Code"), styled as Case Nos. 06-

---

[1] Although styled as a "Third-Party Complaint" against Burstein and Cook, the claims against Burstein and Cook were in the nature of counter-claims against additional counter-claim defendants. The claims do not sound in indemnity.

12645-AJC and 06-12644-AJC, respectively (jointly, the "Bankruptcy Cases"). Thereafter, on August 3, 2007, ACC removed the entire ACC State Court Action to the Bankruptcy Court where it became Adv. Pro. No. 07-01587-AJC (this "Adversary Case").[2] Marlin's and T.C. Investors' claims against Burstein and Cook were removed to the Bankruptcy Court as part and parcel of the removal of the entire ACC State Court Action. [D.E. 1].

6. Shortly following the removal of the ACC State Court Action, Marlin and T.C. filed a motion requesting that the Court remand the case to state court [D.E. 10], which motion was opposed by ACC. [D.E. 20].

7. ACC and SunTrust entered into a Settlement Agreement,[3] dated September 9, 2007, which provided in relevant part that pending the effective date of the Plan of Liquidation (the "Plan"), all pending adversary proceedings and contested matters shall be abated. The Settlement Agreement was approved by this Court on October 29, 2007. [D.E. 175].

8. The First Amended Plan of Liquidation was confirmed on February 5, 2009. Upon the effective date of the Plan, the Liquidating Agent took control over ACC's bankruptcy estate. [D.E. 289].

9. The Liquidating Agent repeatedly stated that he intended to amend the claims asserted in this Adversary Case, and sought several extensions of time to do so [D.E. 44, 48, 51, 56, 59], but ultimately never filed any amended Complaint.

10. In March of 2011, Marlin entered into a Settlement Agreement with the Liquidating Agent resolving all claims by and between the TFC and ACC Estates on the one hand, and Marlin, T.C. Investors, Robyn Marlin, and various related entities (the "Marlin Parties") on the other, including the claims between ACC and Marlin and T.C. Investors in this

---

[2] The Derivative Action was removed on the same day.
[3] The Settlement Agreement also provided for the appointment of Jeffrey Beck, as the Chapter 11 Examiner, who would also serve as the liquidating and disbursement agent (the "Liquidating Agent") upon confirmation of the Plan.

{FT762753;2}

Adversary Case. [D.E. 473]. No party timely filed an objection to the Liquidating Agent's settlement with the Marlin Parties.

11. Under the express terms of the Settlement Agreement between the Marlin Parties and the Liquidating Agent, only the claims by and between the Marlin Parties and the estates were settled and dismissed. The claims by and between the Marlin Parties and Burstein and Cook expressly were not being settled and dismissed, and the Liquidating Agent has agreed that it does not object to the granting of the Marlin Parties' long-pending motion to remand those remaining claims, which are now solely between non-debtors, to the state court for litigation.

12. While there have been settlement agreements by and between the Marlin Parties and the Liquidating Agent, and by and between Burstein and Cook and the Liquidating Agent, there has never been any settlement agreement that resolves or purports to resolve claims that might exist by and between the non-debtors, Marlin Parties and T.C. Investors, and non-debtors Burstein and Cook. In fact, all of the agreements of the Marlin Parties have entered into with the Liquidating Agent were expressly predicated and conditioned upon the acknowledgement that the agreements with the Liquidating Agent were **without prejudice** to the Marlin Parties' rights and claims against Burstein and Cook.

13. Nor have any claims by and between the Marlin Parties on the one hand and Burstein and Cook on the other hand ever been litigated, let alone adjudicated. Those claims have remained in limbo since the filing of the ACC and TFC bankruptcies, with motions to remand having been pending now for several years.

14. Burstein's and Cook's Motion to Dismiss requested that this Court dismiss with prejudice the claims asserted against them by Marlin and T.C. Investors. This Court has entered a separate Order denying Burstein's and Cook's Motion to Dismiss. The only issue remaining for

resolution is whether the claims asserted by non-debtors, Marlin and T.C. Investors, against non-debtors, Burstein and Cook, the only unresolved claims remaining to be litigated in this Adversary Proceeding, should be remanded to state court.

## **CONCLUSIONS OF LAW**

While Marlin and T.C. Investors and Burstein and Cook have each respectively settled claims by and between themselves and the bankruptcy estates of ACC and its subsidiary, TFC, those settlements did not, and legally could not, bind, settle or foreclose the claims that Marlin and T.C. Investors might have against Burstein or Cook. Indeed, the settlement agreement between Marlin and T.C. Investors and the Liquidating Agent for ACC and TFC expressly provides that it is without prejudice to Marlin's or T.C. Investor's rights or claims against Burstein and Cook. Those claims still remain to be litigated and, as they are solely by and between non-debtors and no longer implicate the estates of ACC or TFC, they should be remanded to state court for their ultimate adjudication.

A district court shall abstain from hearing a matter that is non-core and merely "related to" the bankruptcy case. *See In re Norrell*, 198 B.R. 987 (Bankr. N.D. Ala. 1996); 28 U.S.C. § 1334(c)(1). Moreover, 28 U.S.C. § 1452 governs removal of claims and favors state court resolution of state law questions. *In re Norrell*, 198 B.R. at 997. Several factors are considered when determining whether to remand a state court action pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(b). *See In re United Container LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002). *Id.*; *In re Irwin*, 325 B.R. 22, 28 (Bankr. M.D. Fla. 2005).

Most importantly, these claims are only "related to" the bankruptcy case, are exclusively between non-debtors and the estates have no stake in their outcome. As a result, the claims should be remanded to state court. *See In re Heritage Southwest Med. Gr., P.A.*, 423 B.R. 809,

- 7 -

816 (Bankr. N.D. Tex. 2010) (where lawsuit involved only non-debtors and only state law claims, remand was appropriate); *Universal Well Servs., Inc. v. Avoca Natural Gas Storage, JMC*, 222 B.R. 26, 32 (W.D.N.Y. 1998) (abstention appropriate where all the remaining parties are non-debtors, the plaintiffs' claims are based exclusively on state law, the actions are only remotely related to the bankruptcy proceedings, and federal retention of the cases would not aid in the administration of the bankruptcy estate). In accordance with his Settlement Agreement with the Marlin Parties, the Liquidating Agent does not object to such relief.

For all of the foregoing reasons, It is **ORDERED** that:

A. The Motion to Remand is GRANTED.

B. The remaining claims in this action by and between non-debtors Marlin and T.C. Investors and non-debtors Burstein and Cook are remanded to state court for further adjudication and the Clerk of Court is directed to close this case.

# # #

**Submitted by:**
Marc Gottlieb, Esq.
Joan Levit, Esq.
Tamara J. Savin, Esq.
**AKERMAN SENTERFITT**
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301
954-463-2700 (ph)/ 954-463-2224 (fax)
joan.levit@akerman.com

Attorney Levit is directed to serve copies of this order on all interested parties listed and file a certificate of service.